# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERRY J. PAINADATH, | : | |
|    *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-6567 |
| | : | |
| THOMAS JEFFERSON | : | |
| UNIVERSITY HOSPITALS, *et al.*, | : | |
|    *Defendant*. | : | |

## MEMORANDUM

**Pappert, J.**                                                                                       **March 19, 2025**

*Pro se* plaintiff Jerry J. Painadath sued Thomas Jefferson University Hospital and Jefferson Einstein Hospital asserting employment claims and a claim pursuant to the Emergency Medical Treatment and Active Labor Act, 42 U.S.C.A. § 1395dd, *et seq.* ("EMTALA"). He also moved to proceed *In Forma Pauperis*. The Court grants Painadath leave to proceed *in forma pauperis* and dismisses his Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). He may file an amended complaint.

I[1]

Painadath alleges that between June and November 2023, TJUH and EJH violated EMTALA by transferring patients without first stabilizing them. (Compl. at 4.) He also alleges that he was subjected to retaliation for filing a lawsuit, a police

---

[1] The factual allegations set forth in this Memorandum are taken from Painadath's Complaint. (ECF No. 1). The Court adopts the pagination supplied by the CM/ECF docketing system. Where appropriate, grammar, spelling, and punctuation errors in Painadath's pleadings will be corrected for clarity.

report, and an agency complaint. (*Id.*)  He seeks money damages for alleged reputational and psychological injury, "pay injury" or loss of compensation, injury to career advancement, and injury as a result of conscious objection. (*Id.* at 5.)

## II

The Court will allow Painadath to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.  As Painadath is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

A complaint may also be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit Court of Appeals has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). In other words, "[a] complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Prelle v. United States by Prelle*, No. 22-1453, 2022

WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (*per curiam*) (internal quotations and citations omitted).  Dismissals under Rule 8 are "'reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'"  *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

III

Painadath's Complaint is best understood as asserting an employment-based claim.[2]  (Compl. at 3.)  But his pleading fails to allege facts describing the nature of Painadath's employment and its termination.  What allegations there are do not provide enough information to put the named Defendants on notice of the basis for the

---

[2] Although Painadath references EMTALA, that statute does not appear to provide him a basis for a plausible claim.  "EMTALA requires hospitals to provide medical screening and stabilizing treatment to individuals seeking emergency care in a nondiscriminatory manner."  *See Torretti v. Main Line Hosps., Inc.*, 580 F.3d 168, 173, *amended*, 586 F.3d 1011 (3d Cir. 2009).  The required treatments include: (a) appropriate medical screening, and (b) stabilization of known emergency medical conditions and labor.  Moreover, EMTALA places certain restrictions on transfer of unstabilized individuals to outside hospital facilities.  *Torretti*, 580 F.3d at 172 (citing 42 U.S.C. § 1395dd(a)-(c)).  Under EMTALA, any individual who suffers personal harm as a direct result of a hospital's violation of the statute may bring a private civil action for damages.  *Id.*  (citing 42 U.S.C. § 1395dd(d)).  "EMTALA does not apply to all healthcare facilities; it applies only to participating hospitals with emergency departments."  *See Colon-Ramos v. Clinica Santa Rosa, Inc.*, 938 F. Supp. 2d 222, 224 (D.P.R. 2013) (quoting *Rodríguez v. Am. Int'l. Ins. Co.*, 402 F.3d 45, 48 (1st Cir. 2005)).  A "participating hospital" is defined as one that has entered into a "provider agreement" under 42 U.S.C. § 1395cc, which permits hospitals to seek Medicare or Medicaid reimbursement.  *Byrne v. Cleveland Clinic*, 684 F. Supp. 2d 641, 656 (E.D. Pa. 2010) (citing 42 U.S.C. §§ 1395dd(e)(2), 1395cc)).  EMTALA does not provide for causes of action against individual physicians, physician groups, or any other medical entity.  *See id.*  EMTALA does not create a federal cause of action for malpractice.  *Torretti,* 580 F.3d at 173.

Painadath does not allege that either of the named Defendants is a "participating hospital" amenable to suit under EMTALA.  Additionally, he does not allege that he was a patient protected under EMTALA who was harmed by a violation of its requirements.  It appears, instead, that the source of his injury is the loss of his employment. To the extent Painadath seeks to include a claim under EMTALA in his amended complaint, he must consider the above guidance.

4

claims against them, and fail to state a plausible claim in accordance with Rule 8. The Court will thus dismiss the Complaint in its entirety. *See Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits).

Painadath will be granted leave to file an amended complaint so that he can "flesh out [his] allegations by . . . explaining in [the] amended complaint the 'who, what, where, when and why' of [his] claim." *See Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022) (citing *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019)). The amended complaint must identify all defendants in its caption in addition to identifying them in the body of the pleading and shall state the basis for Painadath's claims against each defendant. Painadath will be provided with the Court's current form for individuals seeking to pursue an employment action. He must complete the form and, specifically, include a narrative description of the events giving rise to his claims. Simply checking boxes on the form will not suffice. The amended complaint shall be a complete document that does not rely on the initial Complaint to state a claim. Painadath shall allege all facts and legal claims that he seeks to bring against all defendants in his amended complaint. Any allegations, claims, or defendants that are not included will not be considered part of this case.

IV

For the foregoing reasons, the Court grant Painadath leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  He will be granted leave to file an amended complaint.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  An appropriate Order follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**Gerald J. Pappert, J.**