IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERRY J. PAINADATH, | : | |
|     *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-6567 |
| | : | |
| THOMAS JEFFERSON | : | |
| UNIVERSITY HOSPITALS, *et al.*, | : | |
|     *Defendants*. | : | |

**Pappert, J.**                                                                                                   December 29, 2025

<u>**MEMORANDUM**</u>

      Jerry Painadath, a *pro se* litigant, sued Thomas Jefferson University Hospitals and Jefferson Einstein Hospital asserting employment claims and a claim pursuant to the Emergency Medical Treatment and Active Labor Act (Dkt. No. 1). The Court dismissed his Complaint without prejudice (Dkt. Nos. 5 and 6). He filed an Amended Complaint which the Court again dismissed without prejudice (Dkt. Nos. 7, 10 and 11) before dismissing his Second Amended Complaint with prejudice (Dkt. Nos. 12, 13 and 14).

      Painadath then filed a motion for reconsideration (Dkt. No. 15), a motion for temporary restraining order (Dkt. No. 17) and for good measure on Christmas day, a motion for recusal (Dkt. No. 19). The Court denies them all.

I

      A motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend a judgment, which must be filed no later than 28 days after the entry of judgment, should be granted only where the moving party shows that at least one of the following grounds is present: "(1) an intervening change in the controlling law; (2) the

1

availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *United States ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848–89 (3d Cir. 2014) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).  Such motions should be granted "sparingly." *See Ehrheart v. Lifetime Brands, Inc.*, 498 F. Supp. 2d 753, 757 (E.D. Pa. 2007) (reconsideration is "an extraordinary remedy to be employed sparingly.")  Notably, reconsideration is not intended as a means to relitigate mere disagreement with the Court.  *See Boretsky v. Governor of N.J.*, 433 F. App'x. 73, 78 (3d Cir. 2011).

In his Second Amended Complaint (Dkt. No. 12), Painadath asserted claims against Thomas Jefferson University Hospitals and Jefferson Einstein Hospital pursuant to EMTALA's whistleblower provision, 42 U.S.C.A. § 1395dd, *et seq.*, and for wrongful termination and retaliation under Title VII.  *See Painadath v. Thomas Jefferson Univ. Hosps.*, No. 24-6567, 2025 WL 2884389 (E.D. Pa. Oct. 9, 2025).  Only the EMTALA claim remains at issue.  Upon statutory screening, the Court dismissed that claim with prejudice because, although Painadath described an alleged EMTALA violation, as with his prior complaints, he did not allege facts describing his reporting of an EMTALA violation prior to his termination.  2025 WL 2884389, at *3 (citing *Gillespie v. Regional Care Hosp. Partners Inc.*, 892 F.3d 585, 593 (3d Cir. 2018)).  Relying on *Gillespie*, Painadath seeks reconsideration of that ruling, arguing that the allegations in the Second Amended Complaint reflect that he reported an EMTALA violation prior to his termination, and therefore, the Court's decision was based on a clear error of law or fact.  (*See* Motion, at  3.)

In *Gillespie*, the United States Court of Appeals for the Third Circuit affirmed the district court's grant of summary judgment to the defendant hospital, finding that the evidence did not support Gillespie's claim that she reported an EMTALA violation prior to her termination. *Gillespie*, 892 F.3d at 593. The record reflected that Gillespie participated in two meetings concerning whether the hospital's treatment of a particular patient constituted an EMTALA violation that required reporting. *Id*. The evidence did not support the plaintiff's claim that she expressed her opinion that the conduct violated EMTALA at the first meeting. *Id*. at 593. At the second meeting, the evidence reflected that all participants agreed that an EMTALA violation had occurred, and while Gillespie argued that the violation should be reported, in opposition to other participants, the district court determined that this did not constitute a "report" of an EMTALA violation because all attendees were already aware that one had occurred. *Id*. at 595.

Painadath argues that pursuant to *Gillespie*, the term "report" should be broadly construed and that under a broad construction of that term, his most recent pleading plausibly alleges that he reported an EMTALA violation. (Motion, at 5-6.) It does not. The allegations, interpreted liberally, reflect that Painadath advised Smallwood and an attending physician that Patient F was experiencing an emergency medical condition, that when Patient F's condition deteriorated, Painadath spoke to a medical director to obtain a transfer to the ER for a medical screening examination for the patient, that he continued to communicate with the attending physician, medical director and Smallwood about the patient's condition, and that Smallwood attempted to block the transfer of Patient F to the ER, yelling, "Don't send this patient to ER. We will teach

you a lesson if you send this patient to ER." (*See* SAC at ¶¶ 17-21.) Painadath believes this plausibly alleges that "[he] persisted, contending the transfer to Willow Grove was an EMTALA violation because the patient needed ICU admission." (Motion at 6, citing SAC, ¶ 22). However, paragraph 22 of his Second Amended Complaint states, "Plaintiff contends this transfer to Willow crest is EMTALA violation because Patient "F" need admission to ICU unit." *See* SAC at pp 22. Paragraph 22 does NOT state that Painadath told anyone that they were engaging in an EMTALA violation. *Compare Gillespie*, 892 F.2d 585, 593 (3d Cir. 2018). While the Second Amended Complaint alleges that Painadath conveyed information about the patient's condition to Willow Crest personnel, and the need to obtain what he deemed proper care, it does not plausibly allege that he advised anyone that the discharge of the patient to Willow Crest rather than an ER was an EMTALA violation. Painadath alleges he believed that the actions of the medical director, attending physician, and Smallwood violated EMTALA, but not that he **reported** a violation to them.

II

Painadath seeks the Court's recusal because over eleven years ago, the Court was a member, for a relatively short period of time, of the Cozen O'Connor law firm, which Painadath contends has "significant ties" to Thomas Jefferson University Hospital. He also contends the Court's 2020 approval of a merger between Thomas Jefferson University and Albert Einstein Healthcare Network "suggests favoritism". He does not contend the Court performed any legal work for Thomas Jefferson University Hospital while in private practice on any matter, much less this case or even any case involving Painadath. He seems to rely on affiliations other lawyers at Cozen

4

O'Connor have or had with Thomas Jefferson University Hospital. He also points to his pending motions for reconsideration and a temporary restraining order as evidence of the Court's alleged impartiality.

As an initial matter, this Memorandum and accompanying Order resolve the reconsideration and TRO motions. And nothing about this Court's dismissal of this case (after twice allowing amendment) or its long ago affiliation with Cozen O'Connor would lead a reasonable person to question the Court's impartiality.

Section 455(a) requires a federal judge to disqualify himself when "a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003). First, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). As the Supreme Court stated in *Liteky*: "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Painadath's disagreement with the Court's dismissal of his Second Amended Complaint and whatever relationship other Cozen O'Connor lawyers may or may not have with Thomas Jefferson Hospital do not support his request for the Court's recusal.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

5